**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| *In re* HRN GROUP, LLC,<br>　Debtor.<br><br>HRN GROUP, LLC,<br>　Appellant,<br>　　　　v.<br>JP MORGAN CHASE BANK, N.A. and MCCALLA RAYMER LEIBERT PIERCE, LLC,<br>　Appellees. | Bankruptcy Case No. 18-63282-WLH<br><br>Adversary Proceeding No. 19-5312-WLH<br><br>Civil Action No. 1:20-cv-00702-SDG |

**OPINION AND ORDER**

HRN Group, LLC (HRN) appeals [ECF 1] from an order of the Northern District of Georgia Bankruptcy Court dismissing Appellees JP Morgan Chase Bank, N.A. (JPM) and McCalla Raymer Leibert Pierce, LLC (McCalla) from an adversary proceeding initiated by HRN (the Dismissal Order) and denying HRN's motion for reconsideration of the Dismissal Order (the Reconsideration Order).[1] For the following reasons, this Court **AFFIRMS** the bankruptcy court's rulings.

**I.   BACKGROUND**

On August 7, 2018, HRN filed a voluntary petition for Chapter 7

---

[1]   ECF 1-1, at 10–22 (Dismissal Order); ECF 1-2 (Reconsideration Order).

bankruptcy.² On October 1, 2019, HRN initiated an adversary proceeding against various parties—including JPM and McCalla (a law firm representing JPM)—seeking "relief from mortgage loan foreclosure/sale/eviction/ejection activity" at numerous parcels of real property located in Lithonia, Georgia and Hempstead, New York.³ The extent of the allegations against JPM and McCalla are as follows.

In Count 2, HRN alleged that McCalla sought to annul the automatic bankruptcy stay on behalf of JPM in connection with real property located on Parkway Trace in Lithonia.⁴ According to HRN, Appellees "conducted an unlawful foreclosure and sale" of the property.⁵ The foreclosure sale process was apparently started but not initially completed because McCalla learned about HRN's bankruptcy proceeding.⁶ As a result, McCalla requested that the stay be annulled and the foreclosure sale be validated.⁷ (Although not relevant to this

---

2   Bankr. Case No. 18-63282-wlh (Bankr. N.D. Ga.) (Bankr. Docket), ECF 1.

3   ECF 4-1, at 4 ¶ 1.

4   *Id.* at 6, ¶ 10.

5   *Id.*

6   *Id.* at 6–7, ¶ 11.

7   *Id.* at 7, ¶ 11. The bankruptcy court described the allegations against JPM and McCalla as "[l]iberally construed, challeng[ing] JPMorgan's and McCalla's right to seek relief from the stay and foreclose, alleging fraudulent actions in the chain of title." ECF 1-1, at 12.

appeal, the adversary complaint also contends that the buyer improperly sought a dispossessory warrant for the property in state court.[8]) The bankruptcy judge lifted the stay in favor of JPM.[9] HRN did not appeal that order.[10]

On December 18, 2019, the bankruptcy court dismissed the claims against JPM and McCalla.[11] On December 30, HRN filed its "Affidavi[t] of Plaintiffs' Opposition to Order for Motion to Dismiss JP Morgan Bank, National Association and McCalla Raymer Leibert Pierce, Demand to Set Aside Order, No Fair Trial Without Discovery and Denial of Substantive Due Process of Law."[12] The bankruptcy court treated that filing as a motion for reconsideration under Rule 59(e) or to alter the judgment under Rule 60(b) and, on February 14, 2020, denied it.[13]

Because of the motion for reconsideration, HRN's notice of appeal (which had been filed on December 30, 2019) was treated as having been filed once the

---

8   ECF 4-1, at 7 ¶ 12.

9   *Id.* at 8, ¶ 14. *See also* Bankr. Docket ECF 53 (Dec. 14, 2018 order granting JPM relief from stay).

10  ECF 1-1, at 12. *See generally* Bankr. Docket.

11  ECF 5-9.

12  ECF 5-14.

13  ECF 5-33.

bankruptcy court issued its order denying reconsideration.[14] HRN filed its appellant's brief on September 24, 2020.[15] Appellees responded on October 26.[16] HRN did not file a reply.

## II. APPLICABLE LEGAL STANDARDS

### a. Scope of the appeal

This Court has jurisdiction over HRN's appeal under 28 U.S.C. 158(a), which provides that district courts may hear appeals from final judgments, orders, and decrees of bankruptcy judges. Under Federal Rule of Bankruptcy Procedure 8003(a)(3), a notice of appeal must—among other things—be accompanied by the order that is being appealed. Further, the notice of appeal must be filed within 14 days after entry of the order from which appeal is taken. Fed. R. Bankr. P. 8002(a)(1). *See also* 28 U.S.C. § 158(c)(2).

---

[14] *See generally* ECF 1; Fed. R. App. 4(a)(4)(A)(iv).

Given the appearance of counsel on HRN's behalf in this appeal, the Court treats the notice of appeal as having been timely even though the filing was not made by an attorney. *Davis v. Shepard (In re Strickland & Davis Int'l, Inc.)*, 612 F. App'x 971, 976 (11th Cir. 2015) ("[O]ur binding precedent instructs that a court facing such a circumstance should afford a corporation the opportunity to obtain counsel *before* dismissing its appeal.") (footnote omitted) (citations omitted).

[15] ECF 21.

[16] ECF 24.

The only orders included with the notice of appeal were the Dismissal Order and the Reconsideration Order.[17] JPM and McCalla are the only appellees identified in the notice.[18] Despite this, HRN's Appellant's Brief refers to various others as "appellees."[19] Although some of them may be appellees in separate appeals filed by HRN, only JPM and McCalla are appellees here.[20]

Moreover, the vast majority of HRN's opening brief appears unrelated to the orders that are actually the subject of this appeal.[21] For instance, HRN's statement of issues suggests that this appeal concerns the bankruptcy court's orders staying pretrial deadlines in the adversary proceeding and dismissing all named defendants from that action.[22] It further (1) contends "Appellees" are not true creditors of HRN; (2) seeks rescission of all orders entered by the bankruptcy

---

[17]   ECF 1-1, at 10–22; ECF 1-2.

[18]   ECF 1-1, at 1.

[19]   *See, e.g.*, ECF 21, at 9.

[20]   *Compare* Case Nos. 1:19-cv-05011-SDG, 1:20-cv-00699-SDG, 1:20-cv-00704-SDG (N.D. Ga.).

[21]   *See generally* ECF 21.

The Court notes that HRN has pending two other appeals from bankruptcy court orders. Case Nos. 1:20-cv-0699-SDG and 1:20-cv-0704-SDG. To the extent HRN's arguments relate only to the matters at issue in those appeals, the Court expresses no opinion on them here.

[22]   ECF 21, at 6.

court; and (3) insists that "Appellees should be compelled to fulfill" HRN's discovery requests propounded under Georgia state law.[23] The brief then expounds upon those issues.[24] Only the Dismissal Order and the Reconsideration Order, however, are the subject of this appeal.

### b. Standard of review

In a bankruptcy appeal, this Court "functions as an appellate court" and is not authorized "to make independent factual findings." *Equitable Life Assurance Soc'y v. Sublett (In re Sublett)*, 895 F.2d 1381, 1383–84 (11th Cir. 1990) (citations omitted). It reviews determinations of law *de novo* and applies clearly erroneous review to factual determinations. *Id.* at 1383. *See also Graupner v. Nuvell Credit Corp. (In re Graupner)*, 537 F.3d 1295, 1299 (11th Cir. 2008) ("The factual findings of the bankruptcy court cannot be set aside unless they are clearly erroneous; however, conclusions of law made by either the bankruptcy court or the district court are subject to *de novo* review.") (citing *Sublett*, 895 F.2d at 1383).

---

[23] *Id.* at 7.

[24] *See, e.g., id.* at 7–22.

## III. DISCUSSION

### a. The bankruptcy court correctly dismissed the adversary proceeding as to Appellees.[25]

HRN's brief makes numerous new factual arguments about the propriety of Appellees' (and others') conduct. But the Dismissal Order considered the sufficiency of the allegations that were actually made in the adversary complaint, not what HRN might wish it had pleaded.

#### *i.* Wrongful foreclosure and stay violation

Reading the adversary complaint's allegations liberally, the pleading suggests that the foreclosure sale was unlawful because HRN had already filed for bankruptcy and the automatic stay was in place.[26] HRN contends that, "after the foreclosure was cried," McCalla "learned of 'alleged' Debtor HRN Group, LLC's claiming of an interest in the property."[27]

The bankruptcy court concluded that HRN had failed to state a cause of action for wrongful foreclosure because it did not tender full payment of the debt

---

[25] The Court would generally consider jurisdictional questions, such as whether the bankruptcy court properly concluded it would abstain from hearing this case, first. However, given the other compelling reasons to affirm the Dismissal and Reconsideration Orders and the fact that HRN's brief did not raise abstention, the Court declines to address the issue here.

[26] ECF 4-1, at 6 ¶ 10.

[27] *Id.* at 7, ¶ 11.

due—a requirement under Georgia law.[28] This conclusion was correct. There is no allegation in the adversary complaint that HRN made a full and unconditional tender. *Edward v. BAC Home Loans Serv., L.P.*, 534 F. App'x 888, 892 (11th Cir. 2013) (per curiam) ("Under Georgia law, a debtor who executes a security deed and defaults on a loan cannot enjoin foreclosure, or otherwise obtain equitable relief to cancel the deed, unless the debtor has first paid or tendered the amount due on the loan"; concluding dismissal of claims was appropriate because no proper tender had been made) (citing *Taylor, Bean & Whitaker Mortg. Corp. v. Brown*, 276 Ga. 848 (2003)); O.C.G.A. § 13-4-24 (tender must be certain, unconditional, and in full payment of the specific debt)). Accordingly, HRN could not state a claim for wrongful foreclosure under Georgia law.

In addition to its wrongful foreclosure claim, HRN also filed a separate "Notice of Complaint for Violations of Automatic Bankruptcy Stay, Damages and Sanctions Against Creditor for Willful Violation Pursuant to Section 362(a), (h)[,] (k)" in the bankruptcy proceeding.[29] That filing sought damages and other remedies against JPM and McCalla because of the foreclosure sale on the

---

[28]   ECF 1-1, at 16–17.

[29]   ECF 6-12.

property.[30] The bankruptcy court treated the notice as a motion and, after a hearing, denied it.[31] That court concluded that HRN is not an "individual" within the meaning of 11 U.S.C. § 362(k) such that it could be entitled to damages for a violation of the automatic stay.[32] The bankruptcy court also declined to exercise its jurisdiction under 11 U.S.C. § 105(a) to award damages for the alleged stay violation because there was no evidence JPM and McCalla knew the stay was in place when the foreclosure sale occurred.[33] HRN did not appeal that order.[34] As a result, there is no basis for this Court to reevaluate the bankruptcy court's conclusion.

> ## ii. The adversary complaint did not satisfy federal pleading standards.

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation

---

[30] *See generally id.*

[31] ECF 6-38.

[32] *Id.* at 2–4.

[33] *Id.*

[34] *See generally* Bankr. Docket.

of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To withstand a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). A complaint fails to state a claim when it does not "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555–56 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "'must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action'") (alteration in original) (footnote omitted) (quoting 5 Charles A. Wright, *et al.*, FEDERAL PRACTICE AND PROCEDURE § 1216, at 235–36 (3d ed. 2004)). *See also Iqbal*, 556 U.S. at 680–85; *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1187–88 (11th Cir. 2002) (stating that "conclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal"). Rules 8 and 12(b)(6) apply to the adversary complaint. Fed. R. Bankr. P. 7008, 7012(b).

A complaint is plausible on its face when a plaintiff pleads sufficient factual content for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Am. Dental Ass'n,* 605 F.3d at 1289 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A complaint must also present sufficient facts to "'raise a reasonable expectation that discovery will reveal evidence' of the claim." *Am. Dental Ass'n*, 605 F.3d at 1289 (quoting *Twombly*, 550 U.S. at 556).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). This principle, however, does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678.

### 1. Lifting of the stay

The adversary complaint alleges that, in its motion to annul the stay, JPM stated it "ha[d] not taken steps to conclude the sale" or record the deed.[35] HRN

---

[35] *Id.*

suggests that this was false because McCalla signed the deed over to the buyer and recorded the deed.[36] The complaint does not suggest how HRN was allegedly harmed by such statements. Moreover, as the complaint alleges, JPM's motion to annul the stay was ultimately granted,[37] so it is unclear what harm HRN could have suffered even assuming the statement in JPM's motion was false.

Although the complaint contends the bankruptcy court improperly granted JPM's motion, there is nothing in the pleading suggesting this creates a cause of action against JPM or McCalla, particularly when HRN did not directly appeal that order. "A complaint does not state a facially plausible claim for relief if it shows only a sheer possibility that the defendant acted unlawfully." *Waters Edge Living, LLC v. RSUI Indem. Co.*, 355 F. App'x 318, 322 (11th Cir. 2009) (internal quotation marks omitted) (citation omitted). At most, this is all HRN has done in its allegations about JPM and McCalla.

### 2. None of the remaining complaint allegations can state a claim against Appellees.

In the complaint's "Conclusion," HRN asserts that all of the defendants in the adversary proceeding (most of which are not parties to this appeal) "conspired

---

[36] *Id.*

[37] ECF 4-1, at 8 ¶ 14.

to defraud" HRN and the "homeowners of DeKalb County," filed false affidavits in court, and are in violation of numerous laws (including the "Federal E-sign Act of 2000" and the "Uniform Electronic Transfer Act of 1999").[38] None of these generic allegations indicates how JPM or McCalla engaged in such conduct or provides any supporting factual detail. Allegations of this type are the hallmarks of a shotgun pleading.

A "shotgun pleading" is one that does "not provide a short and plain statement of a claim as required by Rule 8." *Brown v. Air Line Pilots Ass'n*, No. 19-14194, 2020 WL 2175959, at *1 (11th Cir. May 6, 2020) (citing *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018)). They fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (citations omitted). "It employs a multitude of claims and incorporates by reference all of its factual allegations into each claim, making it nearly impossible for Defendants and the Court to determine with any certainty which factual allegations give rise to which claims for relief." *Jackson*, 898 F.3d at 1356. They "patently violate[ ]" federal pleading standards. *Id.* The bankruptcy court

---

[38] *Id.* at 11–12, 14–15.

therefore correctly declined to permit HRN to proceed against JPM and McCalla on such allegations.[39]

### iii. Despite numerous warnings, HRN insisted on attempting to proceed without counsel.

As the Supreme Court noted nearly three decades ago,

> It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to *all artificial entities*.

*Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) (emphasis added) (citations omitted). *See also Davis v. Shepard (In re Strickland & Davis Int'l, Inc.)*, 612 F. App'x 971, 976 (11th Cir. 2015) (per curiam) (citing cases). Accordingly, limited liability companies must be represented by attorneys-at-law authorized to practice in the relevant court. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).

The Dismissal Order describes in detail the numerous steps the bankruptcy court took to advise HRN that it had to be represented by counsel, to allow Danitta-Ross Morton to speak in court on HRN's behalf even though she is not an

---

[39] ECF 1-1, at 18–19.

attorney, and to provide HRN with additional time to obtain counsel.[40] Nothing about that court's recitation of these facts is clearly erroneous. *Equitable Life Assurance*, 895 F.2d at 1383. In spite of the bankruptcy court's repeated admonitions, no attorney ever appeared as counsel of record for HRN in the adversary proceeding.[41] Under these circumstances, the bankruptcy court had little option but to conclude that HRN could not pursue the adversary proceeding against JPM and McCalla. *United States v. High Country Broad. Co.*, 3 F.3d 1244 (9th Cir. 1993) (per curiam) (upholding entry of default judgment against corporate entity after it failed to retain counsel despite warning); *Sermor Inc. v. United States*, 13 Cl. Ct. 1 (Cl. Ct. 1987) (similar).

### b. The bankruptcy court correctly declined to reconsider its dismissal of JPM and McCalla from the adversary proceeding.

As it had done throughout the adversary proceeding, HRN filed its "Affidavi[t] of Plaintiffs' Opposition to Order for Motion to Dismiss JP Morgan Bank, National Association and McCalla Raymer Leibert Pierce, Demand to Set Aside Order, No Fair Trial Without Discovery and Denial of Substantive Due

---

40  ECF 1-1, at 12–14.

   This Court also warned HRN about its initial failure to appear on appeal through counsel. ECF 15.

41  ECF 1-1, at 27–42.

Process of Law" (*i.e.*, the Reconsideration Motion) on a "pro se" basis—without counsel.[42] For the reasons already discussed above, this was improper and the bankruptcy court could justifiably have declined to consider the request for reconsideration on this basis alone. *High Country Broad. Co.*, 3 F.3d 1244; *Sermor Inc.*, 13 Cl. Ct. 1.

In order for a court to reconsider a prior ruling under Federal Rule of Civil Procedure 59(e), a party must show that there is: "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact." *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1258–59 (N.D. Ga. 2003). Rule 59 applies to actions in the bankruptcy court. Fed. R. Bankr. P. 9023. A motion for reconsideration may not be used to show the court how it "could have done better," to present arguments already heard and dismissed, to repackage familiar arguments, or to offer new legal theories or evidence that could have been presented with the previous motion or response. *Bryan*, 246 F. Supp. 2d at 1259 (citing *Pres. Endangered Areas of Cobb's History Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996); *Brogdon ex rel. Cline v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga.

---

[42]   ECF 5-14.

2000); *Adler v. Wallace Computer Servs., Inc.*, 202 F.R.D. 666, 675 (N.D. Ga. 2001)). Review of the denial of a motion under Rule 59 is for abuse of discretion. *Lawson v. Singletary*, 85 F.3d 502, 507 (11th Cir. 1996) (per curiam) (decision to alter or amend judgment is committed to sound discretion of judge), *overruled on other grounds by City of Boerne v. Flores*, 521 U.S. 507 (1997). "An abuse of discretion occurs when a court uses an incorrect legal standard, applies the law in an unreasonable or incorrect manner, misconstrues its proper role, follows improper procedures in making a determination, or makes clearly erroneous findings of fact." *Bagwell v. Bank of Am., N.A. (In re Bagwell)*, 741 F. App'x 755, 758 (11th Cir. 2018) (citation omitted).

Nothing in the Reconsideration Motion presented new evidence, demonstrated a change in the law, or showed an error of law or fact in the Dismissal Order. Rather, the motion was a textbook example of a party arguing how the bankruptcy court "could have done better" the first time around.[43]

Nor did HRN establish a basis for reversing the Dismissal Order under Rule 60(b), which is made applicable to bankruptcy actions under Federal Rule of Bankruptcy Procedure 9024. Under Rule 60(b), a court may relieve a party from a

---

[43] *See generally* ECF 1-2, at 4–7.

final judgment or order for (among other reasons) (1) mistake; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) satisfaction; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)–(6). Review of a denial of relief under Rule 60(b) is also for abuse of discretion. *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (per curiam) ("[I]t is not enough that a grant of the [Rule 60(b)] motions might have been permissible or warranted; rather, the decision to deny the motions . . . must have been sufficiently unwarranted as to amount to an abuse of discretion." (quoting *Griffin v. Swim–Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (alterations and omissions in original)). The bankruptcy court did not abuse its discretion in concluding that HRN had not demonstrated any of these reasons.[44]

## IV. CONCLUSION

There was no error of fact or law in the Dismissal Order or Reconsideration Order that undermines their ultimate conclusion: that JPM and McCalla were due to be dismissed from the adversary proceeding. Any arguments presented by HRN that are not specifically addressed in this Order are not sufficiently cogent to merit discussion or to demonstrate any impropriety in Appellees' dismissal from

---

[44] *Id.* at 7–9.

the adversary proceeding. Accordingly, the bankruptcy court's orders are **AFFIRMED**.

The Clerk is **DIRECTED** to **DISMISS** this appeal and close the case.

**SO ORDERED** this the 18th day of February 2021.

                                              Steven D. Grimberg
                                  United States District Court Judge